UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.J. McELROY, CDCR #P-71922,<br><br>                              Plaintiff,<br><br>vs.<br><br>JAIME JUAREZ, Assoc. Chief Deputy Warden; POWELL, Acting Warden; MATTHEW BLAISDELL, Donovan Physician Bravo Yard; DOES,<br><br>                              Defendants. | Case No.: 3:20-cv-00755-GPC-RBM<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 7, 11]**<br><br>**2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 9]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff L.J. McElroy, a prisoner currently incarcerated at North Kern State Prison ("NKSP") in Delano, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* "Compl.," ECF No. 1.

Plaintiff claims a doctor, two wardens, and other unidentified Richard J. Donovan Correctional Facility ("RJD") medical and custody employees named only as Does violated his constitutional rights in various ways while he was incarcerated there in February and March 2020. *Id.* at 1–2, 3–12, 13–18, 19–26. While far from clear, it appears Plaintiff seeks to hold Defendants liable for failing to administer "effective medical care" and for failing to provide assistive devices and rehabilitative opportunities for his various medical and physical disabilities including chronic pain, a fungal infection, "dermatological skin eruptions," muscle spasms, incontinence, "abdominal aching," a "wounded leg, foot & ankle that collapses involuntarily," nightmares, claustrophobia, "allergy or esophageal symptoms of intolerance," imbalance, and vision and learning impairments. *Id.* at 3, 6, 8, 10, 12, 14–18. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, *see* ECF Nos. 2, 5, but has since filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 7), followed by a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 11), and a Motion for a Temporary Restraining Order. (*See* ECF No. 9, 13.)

I.  **Motion to Proceed IFP**

   A.  **Standard of Review**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**B.      Discussion**

As best the Court can decipher, neither Plaintiff's Complaint nor his TRO contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, his Complaint alleges that RJD Bravo Yard Physician Blaisdell, together with "numerous

… other employees," none of whom were properly supervised by Wardens Powell or Juarez, systematically conspired to discontinue his "medical necessities," delay "necessary prescriptions," and deny him "therapeutic means of cleaning," "new shoe strings," "athletic ankle support high top insole tennis shoes," a "walker/wheelchair," and other "reasonable modifications" necessary to "improv[e] [his] footing, stance & stability." *See* Compl. at 1–12. Plaintiff also claims Defendants are "deliberately indifferent to [the] health & rehabilitation of the handicap[ped] population" at RJD as whole, and have conspired to "infringe the rights of the handicapped at the expense of each taxpayer[.]" *Id.* at 22. Plaintiff further admits, however, that he has since been transferred from RJD to NKSP, "is no longer in [Defendants'] care," *id.* at 6, and does not plausibly allege to have been imminently targeted, subject to physical harm, or to have faced any ongoing danger at the time he filed his Complaint from NKSP on April 20, 2020. *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055.

To qualify for § 1915(g)'s exception, the danger allegedly faced must be real, proximate, and/or ongoing. *See Cervantes*, 493 F.3d at 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non-specific allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Ellington v. Clark*, No. 1:09-CV-02141-AWI, 2011 WL 3500970, at *5 (E.D. Cal. Aug. 8, 2011) (finding prisoner's pre-existing medical conditions and his claimed denial of ambulatory devices did not "rise to the level of imminent danger"); *report and recommendation adopted*, No. 1:09-CV-02141-AWI, 2011 WL 6780910 (E.D. Cal. Dec. 27, 2011); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show prisoner faced an "ongoing danger" as required by *Cervantes*); *Womack v. Sullivan*, 2014 WL 11774841, at *1 (E.D. Cal. 2014) (finding EOP inmate's allegations of post-traumatic stress and teeth-grinding due to prison's failure to provide him single-cell status insufficient to show "imminent danger of

serious physical injury" under § 1915(g)), *report and recommendation adopted*, 2014 WL 11774842 (E.D. Cal. 2014), *aff'd,* 594 F. App'x 402 (9th Cir. 2015); *Beeson v. Copsey*, No. 1:10cv454-BLW, 2011 WL 4948218 (D. Idaho Oct. 17, 2011) (finding allegations of "prison violence, reprisal, gov–action, [and] loss of const. rights" were "vague, non-specific allegations [and] … insufficient to show imminent danger"); *Pauline v. Mishner*, Civil No. 09-182-JMS/KSC, 2009 WL 1505672 (D. Haw. May 28, 2009) (vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.[1] That is the case here.

Thus, the Court takes judicial notice that Plaintiff, L.J. McElroy, also known as Latwahn McElroy, Jabbari McElroy, and/or Jarbor McElroy, and identified as CDCR Inmate #P-71922, has had at least five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

    1) *McElroy v. Gebbmedin, et al.*, Civil Case No. 1:08-cv-00124-LJO-GSA (E.D. Cal. Sept. 2, 2008) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with leave to amend) (ECF No. 9); (E.D. Cal. Nov. 4, 2008) (Findings and Recommendations ["F&R's"] to Dismiss Civil Action for Failure to State a Claim) (ECF No. 10); (E.D. Cal. Dec. 11, 2008) (Order Adopting F&Rs and

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Dismissing Civil Action with Prejudice for Failure to State a Claim) (ECF No. 11)[2] (strike one);

2) *McElroy v. Schultz, et al.*, Civil Case No. 1:08-cv-00179-OWW-MJS (E.D. Cal. Feb. 25, 2010) (Order Dismissing First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) and § 1915A(b)(1), (2) with leave to amend) (ECF No. 21); (E.D. Cal. March 31, 2010) (F&Rs to Dismiss Civil Action for Failure to State a Claim) (ECF No. 22); (E.D. Cal. April 30, 2010) (Order re F&Rs and dismissing civil action for failure to state a claim upon which relief can be granted) (ECF No. 24) (strike two);

3) *McElroy v. Cal. Dept. of Corr., et al.*, Civil Case No. 2:08-cv-00733-HWG (E.D. Cal. April 16, 2009) (Order dismissing complaint for failing to state a claim and with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 10); (June 3, 2009) (Minute Order dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §1915A(b)(1)) (ECF No. 11) (strike three);

4) *McElroy v. Institutional Head Ground, et al.,* Civil Case No. 1:13-cv-00483-MJS (E.D. Cal. Nov. 1, 2013) (Order dismissing civil action for "failure to state any claim under § 1983" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), (2)) (ECF No. 21) (strike four); and

5) *McElroy v. CDC, et al.,* Civil case No. 2:15-cv-02271-KJM-EFB (E.D. Cal. Feb. 6, 2017) (Order dismissing complaint for failing to "state a cognizable claim for relief" pursuant to 28 U.S.C. § 1915A) (ECF No. 12); (E.D. Cal. April 3, 2017) (F&Rs to dismiss for failure to amend) (ECF No. 19); (June 21, 2017) (Order adopting F&Rs and dismissing civil action) (ECF No. 20) (strike five).[3]

---

[2] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1131, 1143 (9th Cir. 2017).

[3] Plaintiff has been previously barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) in this district as well as in the Eastern District of California. *See McElroy v. RN/DA Does & Supervisors, et al.*, Civil Case No. 3:17-cv-01593-DMS-WVG (S.D. Cal. Oct. 31, 2017) (Order denying IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action) (ECF No. 6); *McElroy v. Asad, et al.,* Civil Case No. 2:15-cv-00904-JAM-EFB (E.D. Cal. Sept. 24, 2015) (Order denying IFP pursuant to 28 U.S.C. § 1915(g)) (ECF No. 12); *McElroy v. CDCR, et al.*, Civil Case No. 2:17-cv-00485-WBS-CKD (E.D. Cal. April 27, 2017) (Order denying IFP as barred by 28 U.S.C. § 1915(g)). Plaintiff has had his IFP status revoked in the Northern District of California too. *See McElroy v. Ikegbu, et al.,* Civil Case No. 5:15-cv-01599-EJD (N.D. Cal. Feb. 22, 2016) (Order granting Defendants' Motion to Revoke Plaintiff's IFP Status pursuant

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  Motion to Appoint Counsel

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 11). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

/ / /

---

to 28 U.S.C. § 1915(g)) (ECF No. 33); *McElroy v. Muniz, et al.*, Civil case No. 5:15-cv-00042-EJB (N.D. Cal. May 26, 2016) (Order granting Defendants' Motion to Revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g)) (ECF No. 118).

Here, Plaintiff's Complaint does not indicate any likelihood of success on the merits, he does not appear incapable of articulating the factual bases for his purported claims, *Palmer*, 560 F.3d at 970, and he is no longer authorized to proceed IFP pursuant to 28 U.S.C. § 1915(g). Therefore, he is not eligible to request appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

### III. Motion for Temporary Restraining Order

Finally, Plaintiff also seeks immediate injunctive relief pursuant to Fed. R. Civ. P. 65 preventing the named RJD Defendants, NKSP Wardens Santoro, Gomez "and/or McClean and Adam," and unidentified "I.C.C./U.C.C." members, from "depriv[ing] [him of] medical necessities," "essential care," "proper housing," "nutrition[al] support," "therapeutic aides," "in cell therapy," and other "rehabilit[ative] necessities" he claims to require at NKSP. *See* ECF No. 9 at 1–2; ECF No. 13 at 1–3; 14–15.

First, to the extent Plaintiff seeks a TRO without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint ... [which] clearly show that immediate and irreparable injury, loss, or damage will result ... before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Second, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal

Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Because Plaintiff is not entitled to proceed IFP, he is not entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and he has not filed proof of service on his own. *See* Fed. R. Civ. P. 5(d)(1)(B)(i); S.D. Cal. CivLR 5.2. No RJD official named in his Complaint or NKSP official included in his Motion has been provided actual notice of either the Complaint or his Motion for TRO. Thus, regardless of merit, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any of the persons he seeks to enjoin. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Third, to the extent Plaintiff seeks injunctive relief against prison officials at RJD, his request has been mooted by his transfer to NKSP. *See Cervantes*, 493 F.3d at 1053 n.5 (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the offending prison]")).

Finally, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "The

first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). In addition, "[u]nder *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

Plaintiff fails to meet any of these requirements. In fact, his Complaint contains no "short and plain statement of the claim[s] showing that [he] is entitled to relief," and therefore fails to state any plausible claim upon which § 1983 relief can be granted. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). As noted above, Plaintiff seeks to sue a doctor, two wardens and "numerous" unnamed Does at RJD for allegedly failing to "administer effective medical care," and to "timely warrant" multiple disability improvements, modifications, and services he claims his various ailments and mobility limitations required before he was transferred to NKSP. *See* Compl. at 2–18. But Plaintiff fails to connect any named Defendant to any particular incident of wrongdoing or harm. *Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation allegedly suffered. *See Ortez v. Washington Cnty., State of Oregon*, 88 F.3d 804, 809 (9th Cir. 1996); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (prison officials may not be held not liable in their individual capacities under § 1983 unless they are alleged to have personally participated in the alleged constitutional violations).

     Moreover, Plaintiff's Complaint does not state any plausible constitutional claim for relief, and is instead comprised of a rambling diatribe of the "many deficiencies in the CDCR," "improper placement scheme[s]," and "conspirac[ies] to infringe the rights of the handicapped" at RJD. *See* Compl. at 2–18. "[U]nder the federal rules a complaint is required … to give [] notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). A Complaint like Plaintiff's, "which lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). "'While the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was … highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso v. Gen'l Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Wright & Miller, Fed. Prac. & Proc., § 1217 (3d ed. & Supp. Aug. 2019)); *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading.") (citation omitted); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief.").

     For these reasons, the Court finds Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *see also Williams v. Duffy, et al.,* Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, 13cv2573 WQH(JLB), 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary

injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

### IV. Conclusion and Orders

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 7) and to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 11) as barred by 28 U.S.C. § 1915(g);

2) **DENIES** Plaintiff's Motion for Temporary Restraining Order (ECF No. 9);

3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

4) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  September 9, 2020

Hon. Gonzalo P. Curiel
United States District Judge